**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RODRIGO SORIA-GARIBAY, | No. 12-72310 |
| Petitioner, | Agency No. A095-770-156 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2015[**]
San Francisco, California

Before: SCHROEDER, IKUTA, and CHRISTEN, Circuit Judges.

Petitioner Rodrigo Soria-Garibay seeks review of the Board of Immigration

Appeals's (BIA) decision upholding the immigration judge's (IJ) denial of his

application for voluntary departure.  We have jurisdiction under 8 U.S.C.

§ 1252(a).

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Because Soria-Garibay requested voluntary departure more than 30 days after the merits hearing was initially calendared, the IJ could not grant voluntary departure "except pursuant to a stipulation" by the Department of Homeland Security (DHS) under 8 C.F.R. § 1240.26(b)(2). *See* 8 C.F.R. § 1240.26(b)(1)(ii). Soria-Garibay contends that when the DHS makes such a stipulation under § 1240.26(b)(2), the alien is entitled to a grant of voluntary departure and the IJ lacks discretion to deny that form of relief. Therefore, he argues, the IJ and BIA erred in denying him such relief here. The government offers a contrary interpretation of § 1240.26(b)(2), contending that government counsel's stipulation to a grant of voluntary departure is necessary to allow the IJ to consider the alien's untimely motion for voluntary departure, but the IJ nevertheless retains discretion to deny relief.

We need not reach this interpretative issue here. DHS made clear that the purpose of its § 1240.26(b)(2) stipulation was only to allow the IJ to consider Soria-Garibay's otherwise untimely request for voluntary departure. DHS's attorney stated that "in order for the respondent to get [voluntary departure], the Government would acquiesce and leave it to the Court's discretion to the extent the Court has discretion to make a decision in this case." Because DHS's stipulation

2

expressly left Soria-Garibay's request for voluntary departure to the IJ's discretion, the IJ did not err in denying Soria-Garibay's request.

**PETITION DENIED.**

*Soria-Garibay v. Lynch*, No. 12-72310
IKUTA, Circuit Judge, concurring.

The majority errs in declining to answer the question raised by the parties: whether the government's stipulation to a grant of voluntary departure under 8 C.F.R. § 1240.26(b)(2) deprives the IJ of discretion to deny that form of relief.

The majority's ruling elides the fact that the parties offer two competing interpretations of § 1240.26(b)(2). Under Soria-Garibay's interpretation of this regulation, when DHS makes a stipulation under § 1240.26(b)(2), as it did here, the IJ has a mandatory duty to grant voluntary departure to the alien, regardless of any qualifications DHS tries to include in its stipulation. The government offers a different interpretation of § 1240.26(b)(2): it claims that DHS's stipulation merely allows the IJ to consider an otherwise untimely request for voluntary departure, but does not deprive the IJ of the discretion to grant or deny such relief.

The majority holds that we need not reach this interpretative question because "DHS made clear that the purpose of its § 1240.26(b)(2) stipulation was only to allow the IJ to consider Soria-Garibay's otherwise untimely request for voluntary departure." Maj. Op. at 2. But this ruling sub silentio adopts DHS's interpretation. If Soria-Garibay's interpretation were correct, DHS's remarks about its intent in making the stipulation under § 1240.26(b)(2) would be legally insignificant.

Rather than implicitly deciding the interpretative question before us, I would make our holding express by deferring to the BIA's reasonable interpretation of the regulation. When the BIA interprets its own ambiguous regulation, this interpretation "controls so long as it is reasonable, that is, so long as the interpretation sensibly conforms to the purpose and wording of the regulations." *Lezama-Garcia v. Holder*, 666 F.3d 518, 525 (9th Cir. 2011) (internal quotation marks omitted). Here, § 1240.26(b)(1)(ii) provides that if an alien makes an untimely request for voluntary departure, the IJ is barred from granting such relief unless DHS stipulates to such relief under § 1240.26(b)(2). But as explained elsewhere in the regulations, when DHS stipulates to such relief under § 1240.26(b)(2), it "[j]oin[s] in a motion asking the immigration judge to permit voluntary departure." 8 C.F.R. § 240.25. Reading these regulations together, the BIA could reasonably determine that when DHS made the stipulation required under § 1240.26(b)(2), the IJ retained discretion to deny a grant of voluntary departure, as it did here.

Because I would defer to the BIA's interpretation of § 1240.26(b)(2), and uphold the IJ's exercise of discretion, I concur in the result only.

2